UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------X

FRESHPOINT SOUTH FLORIDA, INC.,
2300 N.W. 19th Avenue                                    Case No. 13-CV-1457
Pompano Beach, Florida 33069
(954) 917-7272

                        **COMPLAINT**

                Plaintiff,

         - against -

SAINT LUCIA MARKETING BOARD,
c/o Saint Lucia Embassy
3216 New Mexico Avenue, N.W.
Washington, D.C. 20016
(202) 364-6792

                Defendant.
------------------------------------------------------------------X

       Plaintiff Freshpoint South Florida, Inc. ("Plaintiff" or "Freshpoint"), by undersigned

counsel, as and for its Complaint against Defendant Saint Lucia Marketing Board ("SLMB"),

alleges as follows:

## JURISDICTION AND VENUE

       1.      Jurisdiction is based on 28 U.S.C. § 1330 in that Defendant is an agency or

instrumentality of a foreign state as defined in 28 U.S.C. § 1603(a).

       2.      Defendant is not immune from the jurisdiction of this Court pursuant any applicable

international agreement and 28 U.S.C. § 1605(a)(2) in that this action is based upon Defendant's

commercial activities in the United States and Defendant's acts in the United States in connection

with its commercial activity elsewhere.

       3.      Venue in this District is based on 28 U.S.C. § 1391(f)(4) in that Defendant is an

agency or instrumentality of a foreign state.

//

## PARTIES

4.      Plaintiff Freshpoint is a Florida corporation with its principal place of business in

Pompano Beach, Florida, engaged in the business of buying and selling wholesale quantities of

produce.

5.      Defendant SLMB is an agency or instrumentality of the government of Saint Lucia

engaged in the business of buying, selling and marketing produce.

## GENERAL ALLEGATIONS

6.      Between January 22, 2013 and May 23, 2013, Plaintiff sold and delivered to

Defendant wholesale quantities of produce worth $119,080.53.  *See* Statement of Account and

Invoices attached as Exhibit 1.

7.      Defendant accepted the produce but has failed to pay for the produce when payment

was due, despite repeated demands, and presently owes Plaintiff the amount of $119,808.53.

8.      Defendant has not disputed the debt in any way.

## AS AND FOR A FIRST CAUSE OF ACTION
(Failure to Pay for Goods Sold and Delivered)

9.      Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 8 above

as if fully set forth herein.

10.     Defendant failed and refused to pay Plaintiff the amount of $119,808.53 owed to

Plaintiff for goods received by Defendant from Plaintiff.

11.     As a direct and proximate result of Defendant's failure to pay promptly, Plaintiff has

incurred damages in the amount of $119,808.53, plus interest from the date each invoice became

past due, costs and attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant in the amount of

$119,808.53 plus pre-judgment interest and reasonable attorneys' fees.

//

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     On or about April 4, 2011, SLMB executed and submitted a credit application (the "Credit Application") to Plaintiff which set forth the terms and obligations for all sales of produce by Plaintiff to Defendant.   *See* Credit Application, attached hereto as Exhibit 2.

14.     The Credit Application requires prompt payment by SLMB for all produce it receives from Plaintiff.

15.     SLMB received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

16.     Plaintiff's invoices to SLMB constitute valid and enforceable agreements between the parties.

17.     SLMB breached the agreements between the parties by failing to remit payment for the goods it received from Plaintiff within the time period set forth on the face of the invoices.

18.     Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the Credit Application and the invoices.

19.     As a direct and proximate of SLMB's breach of contract, Plaintiff has suffered damages in the amount of $119,808.53, plus interest from the date each invoice became past due, costs and attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant in the amount of $119,808.53 plus pre-judgment interest and reasonable attorneys' fees.

//

//

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above

as if fully set forth herein.

21.     SLMB received $119,808.53 worth of produce from Plaintiff.

22.     SLMB knew or should have known that Plaintiff expected to receive payment for

the produce SLMB received from Plaintiff.

23.     SLMB has been unjustly enriched by its receipt of produce from Plaintiff without

payment.

24.     It is against equity and good conscience to allow SLMB to retain the benefit of the

produce delivered without remitting to Plaintiff the value of the produce received and accepted.

**WHEREFORE**, Plaintiff requests judgment against Defendant in the amount of

$119,808.53 plus pre-judgment interest and reasonable attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Interest and Attorneys' Fees)

25.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above

as if fully set forth herein.

26.     The Credit Agreement and Plaintiff's invoices entitle Plaintiff to recover pre-

judgment interest and attorneys' fees incurred to collect any balance due from Defendant.

27.     As a result of Defendant's continued failure to make full payment promptly in the

amount of $119,808.53, Plaintiff has been required to pay attorneys' fees and costs in order to bring

this action, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests judgment against Defendant in the amount of

$119,808.53 plus pre-judgment interest and reasonable attorneys' fees.

Dated: September 24, 2013

Respectfully submitted,
**McCARRON & DIESS**
Attorneys for Plaintiff


By:        /s/ Stephen P. McCarron
Stephen P. McCarron
DC Bar No. 272153
4530 Wisconsin Avenue, N.W., Suite 301
Washington, D.C. 20016
Phone:        (202) 364-0400
Fax:          (202) 364-2731
smccarron@mccarronlaw.com